MICHAEL JACE / BA3055
Name and Prisoner Booking Number

Corcoran State Prison
Place of Confinement

P.O. BOX 3466
Mailing Address

Corcoran, CA 93212
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

FILED
Apr 11, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL JACE,
(Full Name of Plaintiff)
Plaintiff,

v.

(1) MARGARET LIRONES,
(Full Name of Defendant)

(2) Ken CLARK,

(3) A PETERSON,

(4) _____

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them

CASE NO. **1:22-cv-00419-BAK (PC)**
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT BY A PRISONER**

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: Corcoran State Prison

## B. DEFENDANTS

1. Name of first Defendant: **Margaret Lirones**. The first Defendant is employed as: **Senoir Librarian** at **Corcoran State Prison**.
   (Position and Title) (Institution)

2. Name of second Defendant: **Ken Clark**. The second Defendant is employed as: **Warden** at **Corcoran State Prison**.
   (Position and Title) (Institution)

3. Name of third Defendant: **A Peterson**. The third Defendant is employed as: **Captain 4B Yard** at **Corcoran State Prison**.
   (Position and Title) (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ at _____.
   (Position and Title) (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?  ☒ Yes   ☐ No

2. If yes, how many lawsuits have you filed? **1**. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: **MICHAEL JACE** v. **RON DAVIS**
      2. Court and case number: **2:19-CV-03020-ODW-KES**
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **Closed on February 05, 2021**

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: <u>Right to access the court guaranteed by First and Fourteenth Amendment</u>.

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☒ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   SEE ATTACHMENT A
   (4 pgs. A1-A4)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   - Missed deadline to file appeal on case number 2:19-cv-03020-ODW-KES - Request to Leave to File a Late Appeal (Good Cause Appearing) was denied due to missed deadline

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

Due to the actions of Senoir Librarian Margaret Lirones plaintiff's fundamental right to access the Court has been obstructed, violating plaintiff's Constitutional right guaranteed him by the First and Fourteenth Amendments. This would include but is not limited to defendant's repeated violations of Title 15 3122(b)(4).

At all times mentioned in this complaint defendent Lirones held said position and was assigned to Corcoran Prison.

Defendant Lirones is sued individually and in her official capacity. At all times mentioned in this complaint defendant Lirones acted under the color of state law.

On February 18, 2021, plaintiff submitted a Preferred Legal User request (also known as a PLU) that was denied. With a PLU designation plaintiff would have been granted access to the law library while Corcoran Prison operated under a modified program due to COVID-19. While operating under this modified program access to the law library was only granted to PLUs.

This modified program was in effect from February 11, 2021, the date that plaintiff received the final judgment for case number 2:19-cv-03020-ODW-KES, through March 16, 2021. (The final judgment was entered on February 05, 2021). Therefore from February 11 through March 16, 2021, plaintiff was denied access to law library.

Even with the initial denial of plaintiff's February 18, PLU request, had defendant Lirones properly processed the PLU and notified plaintiff of the denial within seven days, as is required per Title 15 3122 (b)(4), plaintiff would have had opportunity to resubmit the PLU with the additional information requested. But, plaintiff did not receive the improper PLU denial until March 3, 2021.

At this point it was not possible for plaintiff to resubmit a PLU request, to then do research to file appropriate documents prior to the deadline of either March 5 or March 8, 2021 as stated on pg 2, line 6-11 of the federal district court judgment entered on August 5, 2021, when defendant Lirones made no attempt to adhere to CDCR statues regarding time.

A second PLU request was made on March 17, 2021. Again the PLU was improperly denied. And again plaintiff did not receive the PLU denial in a timely manner per CDCR regulations. Plaintiff did not receive this denial until May 7, 2021, fifty-one days after the PLU was submitted. This PLU denial was also improper being too restrictive.

Defendant Lirones did not allow for litigation available to plaintiff as was stated by the district court in their judgment entered August 5, 2021.

A-2 of 4

1. The August 5, 2021 judgment states plaintiff had litigation available to him until April 6, 2021, on pg 2, line 15-20. But, contrary to the court, defendant Lirones erroneously uses March 8, 2021, as reason to deny plaintiff's March 17, 2021 PLU request.

2. The aforementioned violations by defendant Lirones are not isolated instances. There is a pattern of callous indifference as follows:

3. PLU request submitted on May 27, 2021 (while plaintiff was in Ad-Seg) was returned June 22, 2021 (26 days).

4. PLU request submitted May 28, 2021 (after plaintiff's release from Ad-Seg to Yard 3B) was returned July 8, 2021 (42 days).

5. PLU request submitted August 16, 2021 was returned September 7, 2021 (22 days).

6. Plaintiff's PLU request dated August 16, 2021, but not returned until September 7, is the only time defendant Lirones admits she did not respond to the PLU request per Title 15 3122(b)(4).

7. This admission only occured after plaintiff filed a complaint with Office of the Inspector General that launched an investigation. But, the OIG does not have the

A-3 of 4

authority to perform investigations of CDCR staff misconduct.

Defendant Lirones excuses given in appeal #165219 are not credible. And provide further proof of defendant's pattern of callous indifference. Defendant leaves Corcoran prison for unspecified reason(s) from "8/17 through 8/25/2021," with no regard for her responsibilities as Senior Librarian.

Defendant Lirones then claims, "I never saw the photocopy until Friday, October 8..." The date given or any logical possibility would be after the date of her signature of September 7, 2021. Defendant continues, "[h]owever, the request from I/M Jace dated 8/16/21 was printed on white paper... It became mixed with other mail. I found it 9/7/2021, so that is the date I received it." No valid reason is ever given for defendant's dereliction of duty. Only defendant issued PLUs during dates in this complaint.

The cumulative effect of defendant repeated violations are also violation Government Codes 19572 and 19990.

Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the defendants unless the court grants the declaratory and injunctive relief which plaintiff seeks.

A-4 of 4

## CLAIM II

1. State the constitutional or other federal civil right that was violated: <u>Right to access the Court guaranteed by the First and Fourteenth Amendment</u>.

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☒ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   SEE ATTACHMENT B
   (3 pgs. B1 - B3)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   - Missed deadline to file appeal on case number 2:19-cv-03020-ODW-KES • Request to Leave to File a Late Appeal (Good Cause Appearing) was denied due to missed deadline.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II?   ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level?   ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

1. Defendant Ken Clark is the Warden of Corcoran Prison.
2. He is legally responsible for the operation of Corcoran Prison,
3. and for the welfare of all the inmates in that prison.

5. At all times mentioned in this complaint defendant
6. Clark held said position and was assigned to Corcoran Prison.

8. Defendant is sued individually and in his official capacity.
9. At all times mentioned in this complaint defendant
10. acted under the color of state law.

12. Corcoran Prison approved multiple grievances against
13. defendant Lirones acknowledging "[A] violation of
14. Title 15 3122 which states the prison has seven days
15. ... is continued obstruction by this prison." The ap-
16. provals occured on May 6, 2021, grievance # 105029;
17. June 25, 2021, grievance # 127253 and August 17,
18. 2021, grievance # 143304.

20. Corcoran's remedy to cure plaintiff's injury (was is
21. insufficient in that only this court can remedy the harm
22. done to plaintiff) was to provide additional training
23. for defendant Lirones. Defendant is the only librarian
24. to grant or deny PLUs on Yards 3B, 4A and 4B. (Lirones)

26. No additional training was provided and defendant
27. Lirones again violated Title 15 3122(b)(4) returning
28. a PLU request she received August 16, 2021, twenty-

B-1 of 3

two days after it was submitted.

In addition to defendant Lirones repeated violations of Title 15 3122(b)(4) Corcoran Prison also violated Title 15 3123(b) from the months of February through July of 2021. (During which time plaintiff was only granted a single day of access to the law library from February 11, to April 18).

Title 15 3123(b) "entitles" plaintiff to two hours of law library per week.

Corcoran Prison finally adhered to Title 15 3123(b) in the month of August 2021 only due to plaintiff going on two hunger-strikes.

The first hunger-strike was from May 20, 2021 to May 28, 2021, to regain possession of his legal material, which was taken from plaintiff after he was falsely accused of extortion, then thrown into Ad-Seg to intimidate him, and deter him from continuing litigation, and protected conduct.

The second hunger-strike was from August 02, to August 20, 2021.

Plaintiff made numerous attempts via 22-forms, prior to going on his second hunger-strike, to gain access to the law library on Yard 3B that were ignored

B-2 of 3

This is a violation of Title 15 3086(h)(1)(2) as has been acknowledged by Sacramento in appeal #150215.

Upon information and belief Sacramento's reversal of Corcoran's initial denial of grievance #150215 was due to Office of the Inspector General investigating Corcoran Prison after plaintiff filed a complaint October 19, 2021 because of Corcoran Prison's continued obstruction of his right to access the court and the futility of Corcoran's grievance process.

With the Office of the Inspector's investigation and defendant Clark being required by law to notify the OIG of plaintiff's two hunger-strikes, as well as defendant Clark being named in multiple grievances filed by plaintiff, defendant Clark was aware of all that is described herein.

Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

B-3 of 3

## CLAIM III

1. State the constitutional or other federal civil right that was violated: <u>To engage in protected conduct as guaranteed by the First Amendment</u>.

2. Claim III. Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☒ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   SEE ATTACHMENT C
   (5 pgs  C1-C5)

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
   • Grievance #104888 denied on appeal due to missed deadline • Missed deadline to file on case number 2:19-cv-03020-ODW-KES • Request to Leave to File a Late Appeal was denied due to missed deadline

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim III?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

5

1. Defendant A Peterson is Captain of Yard 4B at Corcoran Prison. Defendant Peterson retaliated against plaintiff for engaging in protected conduct as guaranteed him by the First Amendment of the Constitution.

2. At all times mentioned in this complaint defendant Peterson held said position and was assigned to Corcoran Prison.

3. Defendant Peterson is sued individually and in his official capacity. At all times mentioned in this complaint defendant acted under the color of state law.

4. On March 23, 2021, plaintiff filed grievance #104888 against defendants Clark, Peterson and Lirones respectively per grievance, due to their actions that obstructed plaintiff's access to the court.

5. Prior to a decision for grievance #104888 being delivered to plaintiff (though it had been decided May 6) and before he could file an appeal, because plaintiff was awaiting a decision, Sgt. Cid called plaintiff to the program office on either May 15, or May 16, 2021, to discuss said grievance.

6. Sgt. Cid handed plaintiff a Program Status Report for April 29, 2021 (also known as a PSR), then asked plaintiff if that was what he requested in grievance #104888

C-1 of 5

ATTACHMENT C

Plaintiff informed Sgt. Cid he had requested PSRs for February through April. Sgt Cid replied, he'd check and then get back to plaintiff.

Shortly thereafter on either May 17, or May 18, 2021, defendant Peterson came to 4B2R during dayroom to question plaintiff about the same grievance. Defendant wanted to know, amongst other things, if what Sgt. Cid had given to the plaintiff on either May, 15 or May 16, 2021 was suffice. Plaintiff informed defendant Peterson that it was not.

Defendant Peterson informed plaintiff he had read all of his grievances. Plaintiff was not sure how to respond. Plaintiff was also confused as to why defendant Peterson wanted to know if plaintiff believed he had a realistic chance of overturning his case?

Plaintiff informed defendant he did believe he had a realistic chance of having his case overturned. Defendant Peterson abruptly wished plaintiff good-luck then told him to come to his office the next available yard for plaintiff and the PSRs would be ready for plaintiff. The next yard available for the plaintiff would have been May 20, 2021.

On May 20, 2021 instead of being provided the PSRs for February through April that defendant Peterson had promised

C-2 of 5

to plaintiff, he was rolled-up that morning before yard release, and sent to the hole without being told why.

Grievance #104888 was disproved by Corcoran Prison on May 6, 2021, but was not delivered to plaintiff until June 19, 2021.

Plaintiff was held at 4B2R-5 until May 19, 2021. There was no legitimate reason for grievance #104888 to not be delivered to plaintiff prior to his being removed from Yard 4B on May 20. The delay was an attempt to prevent his appealing the decision for said grievance.

Corcoran Prison placing plaintiff in Ad-Seg did not advance a legitimate correctional goal. Per Corcoran's Classification Committe Chrono, "no criminal activity nor rules violation report was generated."

During plaintiff's four prior years of incarceration in CDCR at San Quentin and Centinela Prison plaintiff did not have an enemy, nor did he have a single rules violation, other than a 128, because plaintiff refused a dental appointment to attend law library at Centinela Prison.

Also according to Corcoran per their Classification Committe Chrono (information that was readily available to Sgt. Cid and defendant Peterson prior to plaintiff being placed in Ad-Seg) plaintiff "does not have a history

of in-cell predatory or assaultive behavior towards inmates." This fact completely undercuts the baseless accusation that plaintiff was "extorting inmates for their canteen on 4B."

It would have been far less intrusive and effective for Corcoran to have placed the alleged "victim" (who was a confidential informant, that plaintiff never knew identity of), in Ad-Seg, rather than plaintiff and alleged co-defendants.

Plaintiff was removed from Yard 4B after the baseless accusation of extortion and fabricated enemies per confidential memorandum dated 05/21/21 to Yard BB, where it was even more difficult to gain access to law library than it had been on Yard 4B where it had been very difficult.

Had plaintiff not engaged in a hunger-strike upon being falsely accused of "extortion" he would have remained in Ad-Seg much longer or been transferred to another prison. Either outcome would have resulted in plaintiff being seperated from his legal material for additional weeks, if not months, heightening the possibility of the legal material being lost and never returned, ending his litigation.

Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of

C-4 of 5

the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

C-5 of 5

## E. REQUEST FOR RELIEF

State the relief you are seeking: SEE ATTACHMENT P (1 pg.)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 4, 2022
DATE
(Filed thru mail on 03/24/22)

SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

6

WHEREFORE, Plaintiff respectfully prays that this court enter judgment:

Granting Plaintiff a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States, and

A preliminary and permanent injunction ordering defendants Lirones and, Clark and Peterson to cease their obstruction of plaintiff's fundamental right to access the court, and

Granting Plaintiff nominal compensatory damages against each defendant, jointly and severally.

Plaintiff seeks nominal damages and punitive damages in the amount of $25,000. Plaintiff seeks these damages against each defendant, jointly and severally.

Plaintiff also seeks recovery of costs in this suit, and

Any additional relief this court deems just, proper, and equitable including an extension of deadline to allow plaintiff opportunity to file a timely appeal.

DATED: March 24, 2022

Respectfully submitted,

C.S.P. 3B03-109 BA3055
Corcoran, CA 93212

* E-Filed April 4, 2022