1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                            EASTERN DISTRICT OF CALIFORNIA
10
11   MICHAEL JACE,                              Case No.: 1:22-cv-00419-AWI-BAK (BAM) (PC)
12                  Plaintiff,                  **FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MOTION FOR TEMPORARY RESTRAINING ORDER**
13         v.
14   MARGARET LIRONES, et al.,
15                  Defendants.                 (Doc. No. 4)
16                                              **14-DAY DEADLINE**
17
18         Plaintiff Michael Jace is proceeding *pro se* and *in forma pauperis* in this civil rights action
19   pursuant to 42 U.S.C. § 1983.
20         **I.    INTRODUCTION**
21         Plaintiff initiated this action on April 11, 2022, with the filing of his prisoner civil rights
22   complaint. (Doc No. 1.) That same date, Plaintiff filed a document titled "Order to Show Cause
23   for a Preliminary Injunction and Temporary Restraining" (Doc. No. 4), which the court construes
24   as a motion for preliminary injunction and temporary restraining order.
25         Plaintiff declares that he has been denied access to the law library at his institution
26   through the months of February and March 2022. (Doc. No. 4 at 2.) Plaintiff contends CDCR
27   staff refuse to communicate with him in a timely manner, affecting Plaintiff's ability to comply
28   with the E-filing program. (*Id.*) Plaintiff declares "[t]his is a continued pattern of obstruction to

1   plaintiff's fundamental right to access the court" and "is documented within the enclosed

2   complaint." (*Id*.) He contends irreparable harm will result "if not immediately stopped." (*Id*.)

3   Plaintiff declares his belief that March 25, 2022, "may be the deadline if the statute of limitations

4   is one-year for a Section 1983 suit in California." (*Id*. at 3.) Plaintiff signed the motion on March

5   24, 2022 and included a notation that the document was "E-filed on April 4, 2022." (*Id*. at 3.)

## II.   DISCUSSION

### A.   Applicable Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right."[1]  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend"). The court may not attempt to determine the rights of persons not before it. *See, e.g*., *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr*., 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the

---

[1] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted).

2

least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

  *B.*  Analysis

Plaintiff's motion seeks an order restraining Defendants Clark and Lirones from obstructing his right of access to the court. (Doc. No. 4 at 1.)

Initially, the Court notes no defendant has been served in this action, nor has any defendant filed an appearance. Thus, the Court does not have personal jurisdiction over Defendants Clark and Lirones and may not act at this time. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. at 350; *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. at 234-35; *Zepeda v. INS*, 753 F.2d at 727-28.

Moreover, Plaintiff has not established that he is likely to succeed on the merits,[2] that he is likely to suffer irreparable harm, that the balance of equities tips in his favor, or that an injunction is in the public interest.

    1. The Merits

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v.*

---

[2] The Court's finding relates only to the present motion. The Court has not screened Plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. Thus, the Court does not express an opinion on whether the factual allegations in the complaint are sufficient to state a cognizable claim that is "plausible on its face," under the liberal pleading standards for *pro se* litigants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512-13 (2002); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

3

*Harbury*, 536 U.S. 403, 412-15 (2002). "[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id*. at 355. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. *Id*. at 354 (quotations and citations omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis in original).

Moreover, when a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir.2007) (citing *Christopher*, 536 U.S. at 413-414, overruled on other grounds, *Hust v. Phillips*, 555 U.S. 1150 (2009)).

Plaintiff's motion makes no showing of a loss of a non-frivolous or arguable underlying claim. Plaintiff refers to an inability to access the law library in order to "comply with [the] E-filing program" (Doc. No. 4 at 2), yet Plaintiff's own handwriting indicates the motion was ultimately E-filed and the motion itself makes no mention of the underlying access to courts claims. And while Plaintiff indicates the acts of Defendants Clark and Lirones have frustrated litigation, Plaintiff fails to show that the remedy he seeks is not otherwise available in a future suit. *Phillips v. Hust*, 477 F.3d at 1076.

Additionally, "[a]lthough prison officials may not obstruct a prisoner's access to the courts by unreasonably blocking his access to a law library, prison officials may place reasonable limitations on library access in the interest of the secure and orderly operation of the institution." *Oltarzewski v. Ruggiero*, 830 F.3d 136, 138 (9th Cir. 1987) (citing *Bell v. Wolfish*, 441 U.S. 520, 545-48 (1979)). "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations

4

of fundamental constitutional rights to the courts." *Id.*, at 351 (internal quotes and citations omitted). Notably, Plaintiff's motion makes no reference to the reason or reasons for the limitations on Plaintiff's library access (*see* Doc. 4 at 2-3) nor does Plaintiff show such limitations were unreasonable.

### 2. Irreparable Harm

Plaintiff states that "without access to the law library" Plaintiff "only had access to a borrowed copy of the 6th edition of the jailhouse lawyer's handbook." (Doc. No. 4 at 2-3.) Plaintiff states "if [his lack of access] is not immediately stopped [it] will cause plaintiff irreparable harm." (*Id*. at 2.)

"The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (internal quotation marks and citation omitted).

This Court has accepted Plaintiff's complaint for filing and Plaintiff's complaint will be screened in due course. *See* 28 U.S.C. 1915A(a). Further, Plaintiff's application to proceed *in forma pauperis* was filed (Doc. No. 3) and granted by the Court (Doc. No. 9). The allegations in Plaintiff's motion do not rule out the possibility that harm will result from a continued inability to access the law library, but the allegations are speculative. A litigant "seeking *preliminary* relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (citation omitted) (emphasis added). "Issuing a preliminary injunction based only on a *possibility* of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* (citation omitted) (emphasis added). Here, Plaintiff does not make a showing of a *likely* irreparable injury.

### 3. Balance of Equities & Public Interest

Plaintiff makes no showing whatsoever that the balance of equities tips in his favor, nor does he make any showing that the injunction he seeks is in the public's interest.

5

### III.    CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's motion for a temporary restraining order and a preliminary injunction (Doc. No. 4) be DENIED.

These Findings and Recommendations will be submitted to the District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **June 13, 2022**             /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE