UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACE,<br><br>  Plaintiff,<br><br>  v.<br><br>MARGARET LIRONES, et al.,<br><br>  Defendants. | Case No.: 1:22-cv-00419-AWI-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(Doc. 17)<br><br>**14-DAY DEADLINE** |

Plaintiff Michael Jace is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT PROCEDURAL BACKGROUND**

Plaintiff initiated this action on April 11, 2022, with the filing of his prisoner civil rights complaint. (Doc 1.) That same date, Plaintiff filed a document titled "Order to Show Cause for a Preliminary Injunction and Temporary Restraining" (Doc. No. 4), which the court ultimately construed to be a motion for preliminary injunction and temporary restraining order.

On June 13, 2022, the temporarily assigned magistrate judge issued Findings and Recommendations to deny the motion for preliminary injunction and temporary restraining order. (Doc. 12.)

//

On September 13, 2022, District Judge Anthony W. Ishii issued an Order Adopting Findings and Recommendations in full in which he noted receiving and reviewing Plaintiff's objections to the Findings and Recommendations. (Doc. 15.)

On October 7, 2022, Plaintiff filed the instant "Motion for Preliminary Injunction and Motion for Temporary Restraining Order." (Doc. 17.) More specifically, Plaintiff contends the claims asserted in his complaint and in "Plaintiff's Writ of Certiorari in the U.S. Supreme Court" demonstrate that he has met "the requirements" of a likelihood of success on the merits. (*Id*. at 1-2.) Next, Plaintiff contends the prison's "continued refusal to allow Plaintiff meaningful access to the law library" is unreasonable and serves to establish ongoing injury and irreparable harm. (*Id*. at 2-3.) He contends there "is absolutely no reasonable or legitimate penological reason for [the] prison to continue to deny Plaintiff from 2 to 4 hours per week of access to the law library." (*Id*. at 3.) Further, Plaintiff asserts the "'public interest is best served by ensuring the constitutional rights of persons within the United States are upheld.'" (*Id*.) (quoting *Sajous v. Decker*, 2018 U.S. Dist. LEXIS 86921). Plaintiff concludes prison officials have deprived him of "12 days of the 60-day extension the Supreme Court has granted," alleging it is "highly likely" the prison will continue to deny him access to the law library. (*Id*. at 4.) He asks the court to grant his motion and to order the prison "to immediately issue Plaintiff a PLU [preferred library user status[1]] and then actually hold Defendants in contempt when they don't obey the order of granting Plaintiff 4 hours per week through November 12, 2022 …." (*Id*.) Plaintiff supports his motion with a declaration (*id*. at 5-8) and three exhibits (*id*. at 9-14).

//

---

[1] California prisons are required to provide legal materials through its law library in order to give prisoners meaningful access to the courts. 15 Cal. Code Regs. § 3122(a). Prisoners who wish to use the law library fall into two categories: General Legal Users ("GLUs") and Priority Legal Users ("PLUs"). *Id.* at § 3122(b). PLUs are given greater access to the law library than GLUs, and a prisoner achieves PLU status when he can show that he has an upcoming court deadline. *Id.* at § 3122(b)(1). An inmate may receive PLU status within 30 calendar days of his or her established court deadline unless the inmate can demonstrate need for a longer period of PLU based on extraordinary circumstances beyond the inmate's control. *Id.* at § 3122 (b)(6). To achieve PLU status, a prisoner has to submit a form to the law librarian indicating his court deadline, and if the librarian approves the request, he or she will notify corrections officers to bring the prisoner to the library during the extended PLU hours. *Id.* at § 3122(b). An inmate who does not have PLU status can still access the law library on GLU status. *Id.*

2

## II. DISCUSSION

### A. Applicable Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right."[2] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend"). The court may not attempt to determine the rights of persons not before it. *See, e.g*., *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr*., 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just

---

[2] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted).

3

possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

### B.     Analysis

#### 1.     A Lack of Personal Jurisdiction

The Court notes no defendant has been served in this action, nor has any defendant filed an appearance. Thus, the Court does not have personal jurisdiction over the Defendants named in this action. Therefore, it may not act at this time. *Murphy Bros., Inc.*, 526 U.S. at 350; *Hitchman Coal & Coke Co.*, 245 U.S. at 234-35; *Zepeda*, 753 F.2d at 727-28.

The undersigned notes the previous findings and recommendations also found a lack of personal jurisdiction (*see* Doc. 12 at 3:12-16), yet Plaintiff makes no attempt in his instant motion to argue otherwise. Unless and until any named Defendant has been served with process or filed an appearance in this action, this Court lacks personal jurisdiction. Personal jurisdiction is required before the Court can grant the relief Plaintiff seeks. *Murphy Bros., Inc.*, 526 U.S. at 350. Nevertheless, the Court will address the applicable *Winter* factors.

#### 2.     The Merits

In deciding whether a preliminary injunction should issue, the likelihood of success on the merits is the most important factor for the court to consider. *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

The basis for Plaintiff's motion involves a denial of Plaintiff's access to the courts. Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). "[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id*. at 355. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as

those brought under section 1983 to vindicate basic constitutional rights. *Id*. at 354 (quotations and citations omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis in original).

Moreover, when a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir.2007) (citing *Christopher*, 536 U.S. at 413-414, overruled on other grounds, *Hust v. Phillips*, 555 U.S. 1150 (2009)).

Here, the Court has accepted Plaintiff's complaint for filing and it will be screened in due course.[3] *See* 28 U.S.C. 1915A(a). The Court has not yet determined whether Plaintiff's complaint states a cognizable claim against any named Defendant—that will come with screening. Until that time, the Court cannot readily determine the likelihood Plaintiff will succeed on the merits of his claims. But allegations do not amount to proof or evidence of a meritorious claim.

Following a brief review of the complaint, Plaintiff appears to allege a backwards looking access to courts claim. Relevant to that claim, Plaintiff contends he was unable to meet the deadline for filing an appeal in case number 2:19-cv-03020 ODW-KES[4] due to an inability to

---

[3] This Court is one of the busiest district courts in the nation. Hundreds of prisoner civil rights complaints are filed in this Court every year. While the Court strives to avoid delay, delay is inevitable.

[4] A review of the docket in *Jace v. Davis*, United States District Court for the Central District of California, Western Division, case number 2:19-cv-03020-ODW-KES, reveals that Plaintiff's petition for writ of habeas corpus was denied on February 5, 2021 and judgment was entered that same date.
That court also issued an order denying a certificate of appealability on February 5, 2021, noting that 28 U.S.C. § 2253(c)(1)(A) provides "an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless a circuit court justice or judges issue a certificate of appealability. That order further found Plaintiff had "not made a substantial showing that his counsel's performance was deficient or that the deficient performance prejudiced his defense." In that same order, Plaintiff was advised that where the district court denies a certificate of appealability, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal."
A notice of appeal was due within 30 days of February 5, 2021, or no later than March 8, 2021. Fed. R. App. P. 4. Plaintiff did not file a notice of appeal until August 6, 2021.

access the law library as a PLU user. (Doc. 1 at 3-11.) Plaintiff names Senior Librarian Margaret Lirones, Captain A. Peterson and Warden Ken Clark, all employed at Corcoran State Prison, as defendants. (*Id*. at 3.)

The undersigned notes that the Supreme Court has made clear that mere allegations of an inadequate law library or legal assistance program do not themselves sufficiently support an action seeking vindication of the right to meaningful court access. *Lewis*, 518 U.S. at 531 ("Because *Bounds* [*v. Smith*, 430 U.S. 817 (1977)] did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense"). Briefly stated, Plaintiff's complaint contends the denial of PLU status and his inability to access the law library on that basis, coupled with the law library not being open on a number of occasions, was cause for his inability to file a timely notice of appeal. The undersigned has reason to doubt Plaintiff's assertion and hence the likelihood Plaintiff would succeed on the merits of his claim.

Plaintiff contends the prison was operating under a modified program due to COVID-19 on February 11, 2021, when he received the district court's judgment. Plaintiff states he submitted a PLU request on February 18, 2021 and had that request been granted Plaintiff would have had access to the law library despite the modified programming because law library access was only afforded to PLUs. Plaintiff contends he "did not receive the improper PLU denial until March 4, 2021." Whether Plaintiff's PLU request was improperly denied cannot be established on the basis of Plaintiff's allegations alone. In other words, Plaintiff's characterization of his PLU request having been improperly denied does not amount to a likelihood he would succeed on the merits of his claim. Defendants may well be able to justify the denial of PLU status, and if so, certainly Plaintiff's claim here would suffer. And whether GLUs had access to the law library, by paging or some other means, is also open to question. For even where a PLU request is denied, Plaintiff remained a GLU.

In any event, at this stage of the proceedings, where the Court has yet to determine whether Plaintiff has stated a cognizable claim, a determination concerning the likelihood of

Plaintiff's success of the merits of his claim or claims in this action cannot be made. *See Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008) (at the pleading stage, the court is not in a position to determine questions of the claims' merit which require submission of evidence, versus only a determination as to whether a claim has been plausibly stated).

Plaintiff also references a filing in the United States Supreme Court as "legal claims that meet" the requirement of a likelihood of success on the merits. (Doc. 17 at 2.) But again, the allegations presented there have not yet been tested nor has the Court issued any ruling.[5] More significantly for this motion, because Plaintiff did meet the filing deadline in the high court,[6][7] he cannot properly rely on that action to support a likelihood of success on the merits of an access to courts claim here where the official acts did not frustrate the litigation. *Phillips*, 477 F.3d at 1076.

Notably too, as stated in the previously issued and adopted findings, "[a]lthough prison officials may not obstruct a prisoner's access to the courts by unreasonably blocking his access to a law library, prison officials may place reasonable limitations on library access in the interest of the secure and orderly operation of the institution." *See* Doc. 12 at 4-5 (quoting *Oltarzewski v. Ruggiero*, 830 F.2d 136, 138 (9th Cir. 1987) (citing *Bell v. Wolfish*, 441 U.S. 520, 545-48 (1979)). "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis*, 518 U.S. at 351 (internal quotes and citations omitted). While Plaintiff states in his motion and accompanying declaration that there is no legitimate penological basis for the limitations imposed at the prison, these statements are legal conclusions. While the Court accepts a plaintiff's factual allegations, it is not required to

---

[5] *See* https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/22-6186.html, last accessed 1/25/2023. The docket reflects the petition was distributed on January 19, 2023 for the Conference of February 17, 2023.

[6] A search of the high court docket reveals Plaintiff filed his petition for writ of certiorari on November 17, 2022. *See* https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/22-6186.html, last accessed 1/25/2023.

[7] *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts").

7

accept a plaintiff's legal conclusions. *See, e.g., Horisons Unlimited v. Santa Cruz-Monterey-Merced Managed Medical Care Com'n*, No. CV F 14-0123 LJO MJS, 2014 WL 345237, *2 (Jan. 29, 2014) (plaintiffs improperly rely on "impertinent legal conclusions" to support their assertion of a likelihood of success on the merits for purposes of seeking injunctive relief).

### 3. Irreparable Harm

"The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (internal quotation marks and citation omitted).

A litigant "seeking *preliminary* relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (citation omitted) (emphasis added). "Issuing a preliminary injunction based only on a *possibility* of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* (citation omitted) (emphasis added).

Here, Plaintiff's motion asserts "it is highly likely" the prison will continue to deny Plaintiff meaningful access, thus establishing the required irreparable harm. Specifically, Plaintiff's motion references a November 21, 2022 deadline for the filing of a petition for writ of certiorari in the United States Supreme Court. (Doc. 17 at 4.) Even accepting Plaintiff's assertion that prison officials deprived him of "12 days of the 60-day extension" the high court had granted, Plaintiff cannot show irreparable harm. Because, as previously noted, a search of the United States Supreme Court's docket, conducted January 25, 2023, reveals Plaintiff filed his petition for writ of certiorari with the high court on November 17, 2022,[8] thus meeting the deadline. Hence, Plaintiff cannot show any actual injury.

//

---

[8] *See* n. 5, *ante*.

8

### 4. Balance of Equities & Public Interest

Plaintiff merely states that the public interest is served by ensuring constitutional rights of individuals are upheld. However, again, he makes no *showing* that the balance of equities tips in his favor, nor does he make any *showing* that the injunction he seeks is in the public's interest.

### III. CONCLUSION AND RECOMMENDATIONS

In sum, the Court lacks the required personal jurisdiction to grant Plaintiff's motion. Further, Plaintiff has not met the four *Winter* factors required for the injunctive relief Plaintiff seeks.

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's motion for a temporary restraining order and a preliminary injunction (Doc. 17) be DENIED.

These Findings and Recommendations will be submitted to the District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 26, 2023**

UNITED STATES MAGISTRATE JUDGE