1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  MICHAEL JACE,                          Case No.: 1:22-cv-00419-NODJ-CDB (PC)

12              Plaintiff,                  ORDER RE PLAINTIFF'S REQUEST FOR
                                           RECONSIDERATION
13        v.
                                           (ECF No. 38)
14  MARGARET LIRONES, et al.,

15              Defendants.

16

17        Plaintiff Michael Jace is proceeding pro se and in forma pauperis in this civil rights action

18  pursuant to 42 U.S.C. § 1983.

19        **I.      BACKGROUND**

20        On March 16, 2023, the assigned magistrate judge issued Findings and Recommendations

21  to Dismiss Certain Claims and Defendants.  (ECF No. 20.)  Specifically, the magistrate judge

22  recommended Defendants Ken Clark and Margaret Lirones be dismissed from this action for

23  Plaintiff's failure to state any claim against these defendants and that the action proceed only on

24  Plaintiff's First Amendment retaliation claim against Defendant Peterson.  (*Id*. at 3-13.)

25        On April 5, 2023, Plaintiff filed his objections to the findings and recommendations.

26  (ECF No. 21.)

27        On April 7, 2023, Senior District Judge Anthony W. Ishii issued an Order Adopting

28  Findings and Recommendations to Dismiss Certain Claims and Defendants.  (ECF No. 23.)

Specifically, Judge Ishii adopted the findings in full, dismissed Defendants Clark and Lirones from the action, and ordered the action proceed only on Plaintiff's First Amendment retaliation claim against Defendant Peterson.  (*Id.* at 2.)

On April 19, 2023, Plaintiff filed a notice of appeal in the Ninth Circuit Court of Appeals. (ECF No. 27.)  He indicated the "[d]ate of judgment or order" he was appealing was April 7, 2023.[1]  (*Id.*)  On June 2, 2023, the Ninth Circuit issued its Order dismissing Plaintiff's appeal for a lack of jurisdiction.  (*See* ECF No. 32.)  That court's mandate was issued on June 26, 2023. (ECF No. 34.)

On August 3, 2023, Plaintiff filed his "Request for Reconsideration by the District Court of Magistrate Judge's Ruling."  (ECF No. 38.)

## II.     DISCUSSION

### A.  Plaintiff's Motion

Plaintiff contends the magistrate judge's "March 16, 2023 ORDER TO DISMISS CERTAIN CLAIMS AND DEFENDANTS" should be reconsidered "due to manifest failure by the court to consider material facts that produced erroneous judgment that is contrary to law, given Federal Rules simplified standard for pleading and United States Supreme Court precedent."  (ECF No. 38 at 1.)  Plaintiff asserts the magistrate judge abused his discretion by finding that granting Plaintiff leave to amend his claims against Defendants Clark and Lirones would be futile "in light of the changes to Rule 15(a)."  (*Id.* at 2.)  He argues "it had been established plaintiff plausibly alleged Defendant Lirones improperly denied his various PLU requests that would have permitted him access to the law library … causing plaintiff to miss a deadline."  (*Id.*)  Plaintiff contends he should have been afforded an opportunity to amend his complaint and that the "magistrate's order is contrary to law" and that "material facts before the court were ignored."  (*Id.*)  Plaintiff maintains existing precedent proves "relief could be granted plaintiff under a set of facts that are consistent with his allegations against Defendants Lirones

---

[1] On April 7, 2023, two separate Orders adopting findings and recommendations were issued.  In the first, Judge Ishii adopted the findings and recommendations to deny Plaintiff's motion for preliminary injunction and temporary restraining order.  (*See* ECF No. 22.)  In the second, as noted, Judge Ishii adopted the findings and recommendations at issue here.  (*See* ECF No. 23.)

and Clark." (*Id*. at 3.)  Plaintiff argues had he "not been impeded by defendants he too would have filed a Notice of appeal with the federal appellate court to address" the issue of the "ADEPA standards being improperly applied to his case."  (*Id*. at 3-4.)  He contends his "federal habeas corpus case no. 2:19-cv-03020 was improperly subjected to 2254(d)'s deferential standard" because "[t]here were no grounds for an 'independent review' because as was the case with Clinkscale [*Clinkscale v. Carter*, 375 F.3d 430, 436 (6th Cir. 2004)], 'state appellate court declined to review properly raised claim on direct appeal …."  (*Id*. at 4.)  Plaintiff asserts his habeas petition "should have been reviewed de novo" and that the "denial which this magistrate has based his reasoning to dismiss claims and defendants is for a COA, not plaintiff's habeas petition."  (*Id*.)  Plaintiff contends his opportunity for federal appellate review was "lost because of the actions of Defendants Lirones and Clark."  (*Id*.)  Plaintiff further contends there "is an immense accumulation of case law that establish plaintiff could be granted relief," citing to "improper application of AEDPA" and the alleged interference by prison officials.  (*Id*. at 5.)

Further, Plaintiff argues that if this Court "were to allow the magistrate's March 16, 2023 order to stand, it would not only make it more difficult for plaintiff to cure a wrong, the obstruction of his constitutional right to file a notice of appeal, it would do grave harm to those cases" similar to his.  (*Id.* at 5.)  He contends the "magistrate's order would make *Allen v. Sakai*, 48 F.3d 1082, 1085 (9th Cir. 1994) of no effect," stating "prison officials should not be allowed 'to substitute their judgment for the courts' and to interfere with prisoner's right to access on the chance that the claim would be deemed frivolous."  (*Id*.)

Plaintiff further contends the "magistrate's reasoning for dismissing plaintiffs claims against defendants Lirones and Clark" is "completely invalidate[d]" by "*English v. Berghuis*, 900 F.3d 804 [6th Cir. 2018]."  (ECF No. 38 at 6.)  Plaintiff argues it is his "contention that his ineffective assistance claims have never been adjudicated on the merits in any state court. Therefore it isn't possible for the magistrate to deem plaintiff's claims against defendants Lirones and Clark inarguable. The claims the magistrate seeks to dismiss have plausibly alleged the actions of the defendants have caused him to lose the opportunity of a federal appellate appeal of his federal habeas."  (*Id*. at 7.)  Finally, Plaintiff asks the Court to "reconsider the

1    magistrate's March 16, 2023 Order and rescind it, thereby reinstating Defendants Lirones and

2    Clark." (*Id.*)

3                               **B.  Applicable Legal Standards**

4            Rule 60(b) provides:

5                    (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.
                     On motion and just terms, the court may relieve a party or its legal
6                    representative from a final judgment, order, or proceeding for the
                     following reasons:
7
                            (1) mistake, inadvertence, surprise, or excusable neglect;
8
                            (2) newly discovered evidence that, with reasonable
9                    diligence, could not have been discovered in time to move for a new
                     trial under Rule 59(b);
10
                            (3) fraud (whether previously called intrinsic or extrinsic),
11                   misrepresentation, or misconduct by an opposing party;

12                          (4) the judgment is void;

13                          (5) the judgment has been satisfied, released, or discharged;
                     it is based on an earlier judgment that has been reversed or vacated;
14                   or applying it prospectively is no longer equitable; or

15                          (6) any other reason that justifies relief.

16   Fed. R. Civ. P. 60(b).

17           "A motion for reconsideration should not be granted, absent highly unusual

18   circumstances, unless the district court is presented with newly discovered evidence, committed

19   clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to

20   raise arguments or present evidence for the first time when they could reasonably have been raised

21   earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,

22   571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks & citations omitted) (emphasis in

23   original).  Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the

24   interests of finality and conservation of judicial resources."  *Kona Entres., Inc. v. Estate of Bishop*,

25   229 F.3d 877, 890 (9th Cir. 2000) (internal citation and quotations omitted); *see also Harvest v.*

26   *Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).

27   //

28
                                               4

In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

28 U.S.C. § 636 describes the limited powers of federal magistrate judges.  Section 636(b)(1) and its procedural counterpart, Federal Rule of Civil Procedure 72, create a distinction between "non-dispositive" pretrial motions that may be referred to a magistrate judge for a decision and "case-dispositive motions" that "may be referred only for evidentiary hearing, [and/or] proposed findings, and recommendations" to the district court unless the parties agree otherwise. *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015) (quoting *United States v. Reyna-Tapia*, 328 F.3d 1114, 1118 (9th Cir. 2003) (en banc)).  When a magistrate judge rules on a non-dispositive matter, a district judge may "reconsider" that ruling only if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a).  But when a magistrate judge issues findings and recommendation on a dispositive matter, a district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id*. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3).

### C.  Analysis

Initially, the Court notes Plaintiff is under the mistaken impression the assigned magistrate judge issued an *order* on March 16, 2023.  In fact, the magistrate judge issued *findings and recommendations*, not an order.  (*See* ECF No. 20.)  This is significant because the findings—concerning the dismissal of claims and defendants, a dispositive matter—were later reviewed and adopted by the then-assigned district judge.  That judge considered Plaintiff's objections to the findings and recommendations before issuing an Order Adopting them on April 7, 2023.  (*See* ECF No. 23 at 1 ["this Court has conducted a de novo review of this case. Having carefully reviewed the file, including Plaintiff's objections, …"].)

Because any reconsideration of the Court's decision to dismiss Plaintiff's claims against Defendants Clark and Lirones, and his First Amendment access to courts claim against Defendant Peterson, looks back to the magistrate judge's issuance of findings and

1  recommendations later adopted following de novo review by the previously assigned district

2  judge, the undersigned considers Plaintiff's request pursuant to Rule 60(b) rather than Rule 72.

3      Here, Plaintiff's instant motion mirrors the objections he filed to the findings and

4  recommendations—arguments considered and rejected by Judge Ishii.  (*Compare* ECF No. 21 *to*

5  ECF No. 38.)  The instant motion does not demonstrate new or different facts or circumstances

6  that did not exist or were not previously shown.  To the extent it offers "other grounds [ ] for the

7  motion," it is unpersuasive.  Moreover, Plaintiff's references to out-of-circuit authority are

8  unpersuasive and do not constitute an intervening change of controlling law.

9      Simply put, there are no highly unusual circumstances warranting reconsideration of

10  Judge Ishii's order adopting the findings and recommendations to dismiss certain claims and

11  defendants.  *Marlyn Nutraceuticals, Inc*., 571 F.3d at 880.  Nor has Plaintiff set forth facts or law

12  providing a basis upon which the Court should reverse its prior decision.  Local Rule 230(j).

13  Therefore, Plaintiff's motion for reconsideration (ECF No. 38) will be denied.

14      **III.   CONCLUSION AND ORDER**

15      For the reasons given above, Plaintiff's motion for reconsideration (ECF No. 38) is

16  DENIED.

17  DATED:  January 2, 2024.

18

19

20  _____
    CHIEF UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28