UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACE,<br><br>    Plaintiff,<br><br>v.<br><br>MARGARET LIRONES, et al.,<br><br>    Defendants. | Case No.: 1:22-cv-00419-NODJ-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>(Doc. 49) |

    Plaintiff Michael Jace is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

    On December 26, 2023, Plaintiff filed a Motion to Appoint Counsel. (Doc. 49.) For the reasons discussed below, the Court will deny the motion.

    **I.**    **DISCUSSION**

    ***Plaintiff's Motion to Appoint Counsel***

    Plaintiff states he cannot afford to hire an attorney and has been granted leave to proceed in forma pauperis ("IFP") in this action. (Doc. 49 at 1.) He states, "receiving a stimulus payment of $1,883.90 … does not change that status, nor provide him sufficient funds to hire a lawyer." (*Id*.) Plaintiff contends the "issues in this case have merit," and cites to the Court's screening order finding Plaintiff plausibly alleged certain claims. (*Id*. at 1-2.) Further, Plaintiff asserts the issues in this case are complex. In particular, Plaintiff cites to the denial of his access to courts

claim, a claim that was dismissed but for which he has sought reconsideration. (*Id*. at 2.) Plaintiff states his "request for reconsideration has not been heard" and believes its determination "is crucial" to his case. (*Id*.) Plaintiff asserts an attorney "would be of great benefit to plaintiff to help him take the proper steps to preserve his right to appeal on this issue," contending the appointment of counsel serves the interests of the court. (*Id*. at 2-3.) Next, Plaintiff asserts his "imprisonment severely restricts his ability to litigate this case in that it will likely involve substantial investigation and discovery." (*Id.* at 3.) He contends the case is also likely to turn on credibility determinations and that "'it is more likely that the truth will be exposed where both sides are presented by those trained in the presentation of evidence and in cross examination.'" (*Id*.) Plaintiff contends Defendant Peterson "has repeatedly claimed plaintiff extorted inmates," a claim Plaintiff has repeatedly denied. (*Id*.)

### *Legal Standards & Analysis*

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

The Court must evaluate the likelihood of Plaintiff's success on the merits of his claim. Here, while Plaintiff's complaint was screened as required by 28 U.S.C. § 1983 (*see* Doc. 20) and Defendant Peterson has filed an answer to the complaint, it is premature to determine whether there is a likelihood of success on the merits. *See, e.g.*, *Porter v. Rivas*, No. 1:23-cv-00105-ADA-

CDB (PC), 2023 WL 4765492, at *1 (E.D. Cal. July 26, 2023) ("A likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested, for the Court is to consider factual allegations to be true for purposes of screening").

Notably too, while Plaintiff's motion for reconsideration of the dismissal of Defendants Clark and Lirones from the action had not been determined when he filed his motion to appoint counsel on December 26, 2023, the motion has since been decided. On January 3, 2024, Chief District Judge Kimberly J. Mueller issued an Order Re Plaintiff's Request for Reconsideration, denying his request and finding no highly unusual circumstances warranting reconsideration of the dismissal of Defendants Clark and Lirones from this action. (*See* Doc. 50.) Therefore, to the extent Plaintiff relies upon his pending request for reconsideration to support his motion for the appointment of counsel, that reliance is unpersuasive.

The Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. Here, the Court notes that Plaintiff's filings as directed by the Court have been responsive to the Court's directions and reflect Plaintiff is logical and articulate. (*See* Docs. 13, 14, 19, 21, 43.) The Court finds Plaintiff able to articulate his claim in light of its complexity. More specifically, the Court found Plaintiff plausibly alleged a First Amendment retaliation claim against Defendant Peterson. (*See* Doc. 20 at 10-13.) That claim is not complex. *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (explaining that "[a]lthough discovery was essential..., the need for such discovery does not necessarily qualify the issues involved as 'complex'"); *Davis v. Portillo*, No. 1:22-cv-00457 ADA-CDB, 2023 WL 4979965, at *2 (E.D. Cal. Aug. 3, 2023) (retaliation issues are not complex); *Headley v Fisher*, No. 06 Civ. 6331 (PAC) (KNF), 2008 WL 2676601, at *2 (S.D.N.Y. July 7, 2008) ("the factual issues concerning Headley's retaliation and due process claims is straightforward and not complex"). Notably too, Plaintiff has filed two other motions in

3

this action (Docs. 17 & 38), as well as an interlocutory appeal (Doc. 27). These actions likewise show an ability to articulate his claims pro se. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel, where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions").

Next, neither incarceration nor indigency are exceptional circumstances warranting the appointment of counsel. *See Tri v. Gutierrez*, No. 1:22-cv-00836-ADA-SKO (PC), 2023 WL 6930783, at *4 (E.D. Cal. Oct. 18, 2023); *Davis*, 2023 WL 4979965, at *2; *Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018); *Montano v. Solomon*, No. 2:07-cv-0800 KJN P, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010).

The fact an attorney would be better prepared to litigate and try this action, does not amount to an exceptional circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

Also, there is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331. For this

reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

In sum, the Court finds no exceptional circumstances warranting the appointment of counsel in this matter. *Rand*, 113 F.3d at 1525.

**II.    CONCLUSION AND ORDER**

For the reasons stated above, Plaintiff's motion to appoint counsel (Doc. 49) is **DENIED**.

IT IS SO ORDERED.

Dated:    **January 5, 2024**

UNITED STATES MAGISTRATE JUDGE