UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A. PETERSON, et al.,<br><br>　　　　Defendants. | No.: 1:22-cv-00419-KES-CDB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY INTERLOCUTORY APPEAL<br><br>Doc. 66 |

Plaintiff Michael Jace is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Jace's First Amendment retaliation claim against defendant A. Peterson. Jace filed a motion to certify an interlocutory appeal of the dismissal of his claims for First Amendment denial of access to court. Doc. 66. For the following reasons, the motion is denied.

**I.　　BACKGROUND**

On April 11, 2022, Jace filed a § 1983 complaint against Margaret Lirones, Ken Clark, and A. Peterson. Doc. 1. In the complaint, he asserted claims for First Amendment denial of access to court, arguing that he was inhibited by defendants from filing objections to a report and recommendation, issued in his habeas case in the Central District of California, that recommended denial of his habeas corpus petition.[1]  *See id.*

---

[1] The Court takes judicial notice of Jace's habeas case: *Jace v. Davis*, Case No. 2:19-cv-3020-

On April 7, 2023, the Court dismissed without leave to amend Jace's claims for First Amendment denial of access to court. Docs. 20, 23. An access to court claim requires that the underlying claim allegedly obstructed by defendants be nonfrivolous and arguable. The Court found it would be futile to permit Jace to amend his access to court claims, as the district court in the Central District of California had denied Jace's habeas petition on the merits, and the Ninth Circuit had then denied a certificate of appealability on Jace's appeal from the denial of his Rule 60(b) motion in that case, finding that it was not debatable whether Jace's habeas petition stated a valid claim for the denial of a constitutional right. *Id.* at 8.

Jace appealed that order on April 19, 2023. Doc. 27. On June 2, 2023, the Ninth Circuit dismissed his appeal for lack of jurisdiction. Doc. 32. Thereafter, Jace filed a motion for reconsideration, Doc. 38, that was denied by Chief Judge Kimberly J. Mueller on January 3, 2024. Doc. 50. Jace then appealed the reconsideration decision. Doc. 54. On March 1, 2024, the Ninth Circuit denied the appeal for lack of jurisdiction. Doc. 60.

On January 29, 2024, Jace filed a motion to amend his complaint. Doc. 57. On March 7, 2024, the assigned magistrate judge issued another order that denied Jace leave to amend his complaint to assert any First Amendment access to court claim. Doc. 61. On March 18, 2024, Jace appealed that order. Doc. 63. The Ninth Circuit dismissed the appeal for lack of jurisdiction, as Jace was not challenging a final order. Doc. 69.

On March 25, 2024, Jace filed this motion to certify an interlocutory appeal. Doc. 66. Citing 28 U.S.C. section 1292(b), Jace asks the Court to certify the following question to the Ninth Circuit:

---

ODW-KES. In that separate habeas case, the district judge adopted the report and recommendation and dismissed Jace's habeas claim with prejudice. *Jace v. Davis*, No. 2:19-cv-3020-ODW-KES, 2021 WL 412262, at *1 (C.D. Cal. Feb. 5, 2021). Jace then filed a Rule 60(b) motion, which the court denied. *Jace v. Davis*, No. 2:19-cv-3020-ODW-KES, 2022 WL 18862043, at *1–2 (C.D. Cal. Feb. 15, 2022). The Ninth Circuit denied a request for a certificate of appealability from the denial of the Rule 60(b) motion, "because [Jace] has not shown that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and, (2) jurists of reason would find it debatable whether the underlying section [2254 petition] states a valid claim of the denial of a constitutional right." *Jace v. Davis*, No. 22-55241, 2022 WL 18862477, at *1 (9th Cir. June 24, 2022).

2

> Does the denial of a COA pertaining to a Request For Leave To File a Late Appeal, even with the federal appellate court, stating, "jurists of reason would find it debatable whether the underlying [2254 petition] states a valid claim of a constitutional right, render a denial of access to the court's claim, futile; when plaintiff contends the state has never adjudicated his ineffective assistance of counsel claims in said habeas petition on the merits as a result of sheer inadvertence?[2]

Doc. 66 at 1–2.

Jace contends that this is a question of law. *Id*. at 2. Further, he contends "there are a set of facts that could be proved that are consistent with his" First Amendment access to court claims and that the dismissal of the claims is error. *Id*. Jace maintains there are "substantial grounds for difference of [opinion]" because the "constitutional foundation of denial of access claims is somewhat unsettled." *Id*. He asserts an interlocutory appeal "would materially advance the ultimate termination of this case." *Id*. at 3. Jace states that he "is not aware of any means to preserve his right to appeal the dismissal of his denial of access to the courts claim other than to litigate his complaint until a verdict is rendered in the trial providing a final judgment." *Id*.

## II.    LEGAL STANDARD

The primary purpose of the interlocutory appeal statute is to "avoid protracted and expensive litigation" and such an appeal is granted only in "extraordinary circumstances." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981). A district judge has discretion to certify a question, based on an assessment of whether the statutory requirements are met. *Green v. Occidental Petroleum Corp.*, 541 F.2d 1335, 1338 (9th Cir. 1976).

Certification of a question for interlocutory appeal requires the district court to find that the following requirements under § 1292(b) are met: (1) there is a controlling question of law; (2) there is substantial ground for difference of opinion about that question of law; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (citing 28 U.S.C. § 1292(b)). "Section 1292(b)

---

[2] Jace's framing of the question misstates the Ninth Circuit's order. That order stated that Jace "has *not* shown that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and, (2) jurists of reason would find it debatable whether the underlying section [2254 petition] states a valid claim of the denial of a constitutional right." *Jace*, 2022 WL 18862477, at *1.

3

1  is a departure from the normal rule that only final judgments are appealable, and therefore must
2  be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir.
3  2002). The purpose of the section is to "facilitate disposition of the action by getting a final
4  decision on a controlling legal issue sooner, rather than later," to "save the courts and the litigants
5  unnecessary trouble and expense." *United States v. Adam Bros. Farming, Inc.*, 369 F. Supp. 2d
6  1180, 1182 (C.D. Cal. 2004) (citation omitted).

7  **III.   DISCUSSION**

8  Jace's proposed interlocutory appeal concerns the same issue presented in his earlier
9  appeal and in his motion for reconsideration in district court. Jace's motion also does not present
10  the necessary extraordinary circumstances for certification of an interlocutory appeal. *In re*
11  *Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d at 1026; *see also James*, 283 F.3d at 1067 n.6.

12  **A. Substantial Ground for Difference of Opinion**

13  Jace fails to demonstrate that there is a substantial ground for difference of opinion about
14  his proffered legal question, and his motion is properly denied on that basis. "To determine if a
15  'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to
16  what extent the controlling law is unclear." *Couch v. Telescope, Inc.*, 611 F.3d at 633.

17  Jace fails to show a substantial ground for the difference of opinion exists. The
18  controlling law is clear. A First Amendment access to court claim requires a plaintiff to plausibly
19  show that some official misconduct caused "actual injury" by frustrating or impeding a plaintiff's
20  attempt to bring a nonfrivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 348–49 (1996). The
21  complaint must describe the alleged underlying claim, whether anticipated or lost, and show that
22  it is "nonfrivolous" and "arguable." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

23  This settled law clearly dictated the result that Jace seeks to challenge in an interlocutory
24  appeal. There was no arguable basis for Jace's underlying habeas claim. And the Ninth Circuit
25  denied a certificate of appealability on Jace's appeal from the denial of his Rule 60(b) motion in
26  his habeas case, finding that it was not debatable amongst jurists of reason whether Jace had
27  stated a valid claim. "The antithesis of a proper § 1292(b) appeal is one that turns on . . . whether
28  the district court properly applied settled law to the facts." *McFarlin v. Conesco Servs., LLC*, 381

4

F.3d 1251, 1259 (11th Cir. 2004). Jace's motion presents nothing more than his disagreement with the Court's application of settled law to his case, and it is therefore insufficient. *Couch*, 611 F.3d at 633.

### B. Controlling Question of Law

Even if Jace had shown that there was a substantial ground for difference of opinion, he fails to show the other requirements of § 1292(b) are met. A question is "controlling" if its resolution on appeal could materially affect the outcome of litigation. *In re Cement Antitrust Litig.*, 673 F.2d at 1026. Courts also consider whether the questions raised are purely legal or, instead, turn on complicated or disputed facts. *Steering Comm. v. United States*, 6 F.3d 572, 575–76 (9th Cir. 1993). Section 1292(b) appeals "'were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record to determine the facts.'" *Sherman v. Yahoo! Inc.*, 997 F. Supp. 2d 1129, 1143 (S.D. Cal. 2014).

Jace does not raise a controlling question of law. Jace seeks to appeal the denial of his motion for leave to amend to reassert his already dismissed First Amendment access to court claims. *See* Doc. 61 at 5–8. The issue was whether any amendment to add those claims was futile, given that Jace was unable to show he had a nonfrivolous or arguable lost habeas claim. Jace seeks to appeal whether the settled law on futility and on the denial of access to court claims was properly applied to the facts of his case. Doc. 66 at 1–2. Jace does not raise any legal question "at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." *McFarlin*, 381 F.3d at 1259. For this reason, too, Jace's motion is denied.

### C. Materially Advance Termination of Litigation

Finally, an interlocutory appeal must materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Here, an interlocutory appeal would not materially advance the ultimate termination of this litigation. *See Medlock v. Taco Bell Corp.*, No. 07-cv-01314-SAB, 2014 WL 6389382, at *2 (E.D. Cal. Nov. 14, 2014) (holding that interlocutory appeal of dismissal of some claims would not materially advance ultimate termination of litigation because

5

"regardless of whether an appeal was taken now or an appeal was taken after final judgment . . . the action would be remanded, and discovery and trial on the reinstated claims would take place [and] [t]he only difference would be whether the process takes place now as opposed to after final judgment").

In sum, Jace has not met his heavy burden to show exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment. *See Hawaii ex rel. Louie v. JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1065 (D. Haw. 2013).

### IV. CONCLUSION AND ORDER

For the reasons given above, Jace's motion to certify interlocutory appeal, Doc. 66, is **DENIED**.

IT IS SO ORDERED.

Dated:   August 5, 2025

UNITED STATES DISTRICT JUDGE