UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACE,<br><br>        Plaintiff,<br><br>    v.<br><br>MARGARET LIRONES, et al.,<br><br>        Defendants. | Case No.: 1:22-cv-00419-KES-CDB (PC)<br><br>**ORDER GRANTING DEFENDANTS' EX PARTE MOTION TO MODIFY SCHEDULING ORDER *IN PART***<br><br>(Doc. 105)<br><br>**ORDER DENYING DEFENDANTS' REQUEST TO STRIKE PLAINTIFF'S OBJECTION**<br><br>(Doc. 105) |

**I.     INTRODUCTION**

The Court issued its Discovery and Scheduling Order on February 5, 2026. (Doc. 99.) Relevant here, the deadline for filing an exhaustion motion was set for June 5, 2026. (*Id*.)

On May 22, 2026, Defendants filed a Notice of Settlement, indicating the case had been settled and that dispositional documents were to be filed within 60 days, and requesting the Court vacate all pending deadlines. (Doc. 103.)

On June 1, 2026, Plaintiff filed his "Objection to Notice of Settlement." (Doc. 104.)

On June 3, 2026, Defendants filed an ex parte motion to modify the scheduling order and to strike Plaintiff's objection. (Doc. 105.)

///

## II.      DISCUSSION

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id*.

Defendants seek 60-day extensions of the deadlines for filing a motion for summary judgment based on exhaustion, the completion of discovery, and a merits-based summary judgment motion. Briefly stated, Defendants contend the requested extensions will allow them to finalize the exhaustion-based summary judgment motion drafted prior to the parties' discussion concerning settlement and/or to meet and confer with Plaintiff to resolve Plaintiff's concerns regarding the proposed settlement agreement. Additionally, Defendants ask the Court to strike Plaintiff's objections to their notice of settlement because it contains confidential settlement information in violation of Local Rule 271.

First, the Court finds good cause to grant Defendants' ex parte motion *in part.* Specifically, good cause exists to extend the remaining deadlines by 30 days rather than 60 days. The 30-day extension essentially restores the time lost between the date Defendants last worked on the exhaustion based summary judgment motion and the deadline for filing the motion – the period between May 8 and June 5, 2026.

Second, the Court will deny Defendants' request to strike Plaintiff's objections filed May 22, 2026. Local Rule 271 concerns the Voluntary Dispute Resolution Program. It "applies to all civil actions *except* (i) prisoner petitions and actions …, (ii) actions in which one of the parties is appearing pro se, …." Local Rule 271(a)(2), italics added. While Local Rule 271(m) does prohibit the disclosure of confidential settlement information, that rule does not apply to this prisoner civil rights action where Plaintiff is incarcerated and is representing himself pro se. Nor is the Court persuaded by Defendants' conclusory assertion that the "information is immaterial, impertinent, and inadmissible," citing to Rule 12(f) of the Federal Rules of Civil Procedure. A

motion to strike pursuant to Rule 12(f) allows a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft, Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)), rev'd on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 (1994); *see also Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

A motion to strike is well-taken when "it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992). Impertinent allegations are those that are not responsive or relevant to issues involved in the action and which could not be admitted as evidence in the litigation. *Fantasy, Inc.*, 984 F.2d at 1527. "Scandalous" within the meaning of Rule 12(f) includes allegations that cast a cruelly derogatory light on a party or other person. *Talbot v. Robert Mathews Distributing Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

Here, while Plaintiff's filing does contain specific information concerning a potential settlement between the parties, the Court does not find it redundant, immaterial, impertinent, or scandalous. The objections relate directly to Defendants' notice of settlement and the deadlines affecting the litigation of this action. Fed. R. Civ. P. 12(f); *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996) (Rule 12(f) motions are generally viewed with disfavor and not ordinarily granted).

### III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1.  Defendants' ex parte motion to modify the Discovery and Scheduling Order (Doc. 105) is **GRANTED IN PART**;

2.  The Discovery and Scheduling Order (Doc. 99) is **MODIFIED** as follows:

    a.  The deadline for filing an exhaustion-based summary judgment motion is **EXTENDED** from June 5, 2026, **to July 5, 2026**;

b. The deadline to complete discovery, including the filing of any motions to compel, is **EXTENDED** from October 5, 2026, **to November 4, 2026**; and

c. The deadline for filing a merits-based summary judgment motion is **EXTENDED** from December 17, 2026, **to January 16, 2027**.

3. Defendants' request to strike Plaintiff's objections filed June 1, 2026, is **DENIED**.

IT IS SO ORDERED.

Dated:    **June 8, 2026**

_____
UNITED STATES MAGISTRATE JUDGE